IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALEJANDRO GARCIA AND<br>MARIA L. GARCIA,<br>    *Plaintiffs*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 7:18-cv-00104 |
| PENNYMAC LOAN SERVICES, LLC<br>AND SUBSTITUTE TRUSTEE<br>ARNOLD MENDOZA,<br>    *Defendants*. | §<br>§<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant PennyMac Loan Services, LLC ("PennyMac") hereby removes this action from the County Court at Law No. 1 for Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and as grounds for removal state as follows:

### I.   STATE COURT ACTION

1.   On April 2, 2018, Plaintiffs Alejandro and Maria L. Garcia ("Plaintiffs") filed their Original Petition and Request for Temporary Restraining Order ("Petition") in the County Court at Law No. 1 for Hidalgo County, Texas, styled *Alejandro and Maria L. Garcia v. PennyMac Loan Services, LLC and Substitute Trustee Arnold Mendoza*, Cause No. CL-18-14-17-A (the "State Court Action").

2.   Plaintiffs assert claims relating to the real property located at 1310 Kokopelli Dr., Edinburg, Hidalgo County, Texas 78541  (the "Property").  *See* Pet. ¶ IV.C.  Plaintiffs contend they became delinquent on payments on their loan secured by the Property, PennyMac accepted late payments, but then PennyMac began refusing their late payments.  *See id.* ¶¶ IV.A–K. Plaintiffs further assert that they never received a demand letter from PennyMac allowing them

to cure their default. *Id.* ¶ IV.H. Plaintiffs assert that PennyMac also waived acceleration by accepting their late payments. *Id.* ¶ V.

3. Based on these allegations, Plaintiffs appear to assert claims for alleged violations of the Texas Property Code and seeking enforcement of their alleged rights under HAMP. *Id.* ¶¶ VII–X. Plaintiffs request actual damages, exemplary damages, and attorney's fees. *Id.* ¶ XII. Plaintiffs additionally request injunctive relief to prevent PennyMac from foreclosing *Id.* ¶ XI.

4. PennyMac removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(7), 1441, 1446(a).

6. This removal is timely because it is being filed within thirty days of being served or otherwise appearing in the State Court Action. 28 U.S.C. § 1446(b).

7. The United States District Court for the Southern District of Texas, McAllen Division has original jurisdiction over this action based on diversity jurisdiction because PennyMac is now, and was at the time this action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. §§ 1331 and 1332(a). As noted below, Defendant Arnold Mendoza has been improperly joined. Consequently, his consent is not required. *See Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (providing that nominal parties are not required to consent to removal); *see also Scarlott v. Ocwen Loan Servicing, LLC*, No. H-13-2742, 2014 WL 109409, at *3 (S.D. Tex. Jan. 10, 2014) ("[W]here some defendants remove a case to federal

court and fail to receive the consent of another defendant who they claim was improperly joined, there is no defect in the removal.").

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule LR81, attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

9. Pursuant to 28 U.S.C. § 1446(d), PennyMac is simultaneously, with the filing of this Notice of Removal, (1) serving Plaintiffs with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the County Court at Law No. 1 for Hidalgo County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

### III.   DIVERSITY OF CITIZENSHIP

10. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiffs are not citizens of the same state as PennyMac and Defendant Arnold Mendoza ("Substitute Trustee") has been improperly joined. As shown below, the amount in controversy requirement is also satisfied.

**A.   Diversity of citizenship exists between Plaintiffs and PennyMac.**

11. Plaintiffs are citizens of Texas for purposes of diversity jurisdiction. *See* Pet. ¶ II.

12. PennyMac is a Delaware limited liability company. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079-80 (5th Cir. 2008). PennyMac is wholly owned by its sole member

---

[1] PennyMac has not included Exhibit 1 to the state court removal notice in Exhibit A because Exhibit 1 is a copy of the notice of removal filed in this Court.

Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company owned by its members (1) PennyMac Financial Services, Inc., a publicly held Delaware corporation with a principal place of business located in Westlake Village, California, and (2) founders and senior management residing in California, New York, and Massachusetts. Thus, PennyMac is a citizen of Delaware, California, New York, and Massachusetts.

**B.  Substitute Trustee has been improperly joined because Plaintiff failed to state a claim against Substitute Trustee.**

13. Although Substitute Trustee may be a citizen of Texas, his citizenship should be disregarded for diversity purposes because Plaintiff improperly joined the Substitute Trustee to this lawsuit. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law. *Larroquette*, 466 F.3d at 376. This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.* A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

14. Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). A plaintiff must at least state "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. *See id.* at 699. "A mere formulaic recitation of the elements of a cause of action asserted against a

4

non-diverse defendant is not sufficient under this standard." *Felder v. Countrywide Home Loans*, No. CIV.A. H-13-0282, 2013 WL 6805843, at *4 (S.D. Tex. Dec. 20, 2013).

15.     In relation to claims against a substitute trustee, the Fifth Circuit has expressly held that substitute trustees sued for actions taken to assist their clients with foreclosure proceedings are improperly joined because they enjoy immunity for actions undertaken in the scope of their representation of their clients. *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014); *see also Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *3 (N.D. Tex. Jul. 12, 2010) (finding that plaintiff could not recover for breach of contract against improperly joined substitute trustee). This is because the Texas Property Code expressly states that a substitute trustee is not a necessary party to a lawsuit arising from foreclosure proceedings asserting claims against the substitute trustee only in their capacity as a substitute trustee. TEX. PROP. CODE § 51.007(a); *Wamco XXVII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655, 657–58 (N.D. Tex. 2004) (dismissing defendant named solely in his capacity as substitute trustee pursuant to Section 51.007 upon finding there was no "reasonable possibility" of recovery against him under state law).

16.     Further, courts have generally held that Section 51.007(f) of the Texas Property Code imposes a substantive pleading requirement on a plaintiff seeking to recover against a substitute trustee. *See, e.g.*, *Felder*, 2013 WL 6805843, at *5. A plaintiff seeking to hold a substitute trustee liable must at least allege facts that suggest that a substitute trustee acted in bad faith. *Id.* (determining that a substitute trustee was improperly joined when the petition did "not reveal any factual allegations that would suggest bad faith on the part of [the substitute trustee]").

5

17. Here, the Petition is wholly devoid of any allegations of wrongful conduct or causes of action alleged against Substitute Trustee. *See generally* Pet. ¶¶ IV–XII. In fact, the only specific reference to Substitute Trustee is related to Plaintiff's request for injunctive relief. *See* Pet. ¶¶ IV.L. Consequently, Plaintiff does not even raise the "theoretical possibility" that any cause of action could be maintained against Substitute Trustee. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee); *see also* TEX. PROP. CODE § 51.007(a) (providing that a substitute trustee is not a necessary party to a suit seeking to enjoin a foreclosure sale).

18. In light of the foregoing, no reasonable basis exists for Plaintiffs' recovery against Substitute Trustee in this matter. Therefore, Substitute Trustee has been improperly joined and his citizenship should be disregarded for removal purposes. Accordingly, this case is properly in federal court. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).

19. Because Plaintiffs are citizens of Texas, PennyMac is a citizen of Delaware, California, New York, and Massachusetts, and Substitute Trustee has been improperly joined, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

### C.     The amount-in-controversy requirement is satisfied.

20.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., L.L.C.*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

21.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank, N.A.*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. L.L.C. v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, 342 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the

property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

22. Based on a review of the Complaint and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs. Plaintiffs seek injunctive relief to preclude the foreclosure sale of the Property, and as a result, the entire value of the Property is squarely at issue. *See Ouzenne v. Deutsche Bank Nat'l Tr. Co. for Soundview Home Loan Tr. 2006-3, Asset-Backed Certificates, Series 2006-3*, No. H-16-2563, 2017 WL 1437297, at *4 (S.D. Tex. Apr. 24, 2017) ("The court considers the fair market value of the property as the amount in controversy and that Deutsche Bank as met this requirement for establishing subject matter jurisdiction."); *Mendoza v. J.P. Morgan Mortgage N.A.*, No. 7:17-CV-180, 2017 WL 2778250, at *3 (S.D. Tex. June 27, 2017) (holding that valuation of the property at $76,990.00 from the Hidalgo County Appraisal District in suit seeking to enjoin foreclosure satisfied amount-in-controversy requirement); *see also Nationstar Mortg. L.L.C.*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547–48. According to the Hidalgo County Appraisal District, the market value of the Property is $100,798. *See* **Exhibit C**.[2]

23. Thus, the value of the Property alone satisfies the amount in controversy requirement.

24. Because there is complete diversity among the parties and the amount-in-controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, PennyMac respectfully requests that the Court take judicial notice of the Hidalgo County Appraisal District tax record for the Property. *See* FED. R. EVID. 201.

8

## IV. PRAYER

WHEREFORE, Defendant PennyMac Loan Services, LLC removes this action from the County Court at Law No. 1 for Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

LOCKE LORD LLP

By: _____

**B. David L. Foster**
State Bar No. 24031555
S.D. Tex. Bar No. 35961
**Daniel Durell**
State Bar No. 24078450
S.D. Tex. Bar No. 2745564
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
daniel.durell@lockelord.com

**Thomas G. Yoxall**
State Bar No. 00785304
S.D. Tex. Bar No. 16664
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)
tyoxall@lockelord.com

**ATTORNEYS FOR DEFENDANT PENNYMAC LOAN SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 10th day of April, 2018, to the following:

**VIA U.S. MAIL AND**
**CERTIFIED MAIL**
Alejandro Garcia
Maria L. Garcia
1310 Kokopelli Dr.
Edinburg, Texas 78541
*Pro Se Plaintiffs*

Daniel Durell