IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF TEXAS MCALLEN DIVISION

| | | |
|---|---|---|
| **ALEJANDRO GARCIA AND** | § | |
| **MARIA L. GARCIA** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION** |
| | § | **CASE NO. 7:18-CV-00104** |
| **PENNYMAC LOAN SERVICES,** | § | |
| **LLC AND ARNOLD MENDOZA,** | § | |
| **SUBSTITUTE TRUSTEE** | § | |
| **DEFENDANTS.** | § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**PLAINTIFF'S AMENDED ORIGINAL PETITION**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ALEJANDRO AND MARIA GARCIA**, Plaintiffs in the above-styled and numbered case, complaining of **PENNYMAC LOAN SERVICES,LLC AND ARNOLD MENDOZA, SUBSTITUTE TRUSTEE,** Defendants assigns, agents, and representatives, and would respectfully show unto the Court the following:

**I.**
**AUTOMATIC STAY PURSUANT TO  RULE 736.11**
**OF THE TEXAS RULES OF CIVIL PROCEDURE**

Plaintiff hereby invokes Rule 736.11 (a) of the Texas Rules of Civil Procedure which states:

"A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale." Plaintiffs position is that he was never properly served by Defendants in Defendants' application for an expedited order under Rule 736 of the Texas Rules of Civil Procedure in Cause Number C-18-1024-D in the Cameron County Court at Law #4, Hidalgo County, Texas.

## II.
## CASE LEVEL

Plaintiff believes that this case qualifies as a Level II case and discovery should be conducted as such.

## III.
## PARTIES

Plaintiff, **ALEJANDRO AND MARIA GARCIA**, is a natural person who is a resident of Hidalgo County, Texas.

Defendant, **PENNYMAC LOAN SERVICES,LLC AND ARNOLD MENDOZA, SUBSTITUTE TRUSTEE**, is an entity licensed to conduct business in the State of Texas and may be served with process and/or certified mail in accordance with the Texas Rules of Civil Procedure by serving their Attorneys of Record, **HONORABLE BENJAMIN DAVID LEE FOSTER**, *Lead*

*Attorney*, Email: dfoster@lockelord.com and **HONORABLE DANIEL GLENN DURELL**, Attorney to Be Noticed. Email: daniel.durell@lockelord.com, Locke Lord et al, 600 Congress Avenue, Suite 2200, Austin, TX 78701 & **HONORABLE THOMAS GEORGE YOXALL**, **Attorney to Be Noticed**, **Email:** **tyoxall@lockelord.com,** Locke Lord LLP, 2200 Ross Ave, Suite 2800, Dallas, TX 75201-6776.

**IV.**
**JURISDICTION AND VENUE**

This court has jurisdiction to hear this case because it involves realty within Hidalgo County, Texas and matters relating to realty may be heard by this court.

Venue is proper in Hidalgo County, Texas because the real property in question is situated in Hidalgo County, and because Plaintiffs' cause of action or a part thereof accrued in Hidalgo County, Texas. All the acts constituting Plaintiffs' cause of action took place in Hidalgo County, Texas. The effect of all the acts relevant to Plaintiffs' cause of action took place in Hidalgo County, Texas.

**V.**

**FACTS**

A.  On or about July 29, 2015, Plaintiff executed a home equity security instrument/note and deed of trust pursuant to Section 50(a)(6), Article XVI of the Texas Constitution] in the original principal amount of Ninety Three Thousand Dollars and no cents ($93,000.00).  On information and belief, Plaintiffs aver that the current holder of said **PENNYMAC LOAN SERVICES,LLC.**

B.  The promissory note called for Plaintiff to make monthly payments of Eight Hundred Fifteen Dollars and no cents ($815.00)

C.  Plaintiffs as collateral, granted by deed of trust, a security interest in real property legally described as:

    ALL OF LOT 118, LAS CRUCES SUBDIVISION, AN
    ADDITION TO THE CITY OF EDINBURG, HIDALGO
    COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED
    IN VOLUME 41, PAGES 84 THRU 86, MAP RECORDS
    OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY,
    TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL
    PURPOSES.

D. The realty which is the subject of this litigation is known commonly as 1310 Kokopelli Dr., Edinburg, Texas

78541.

E. Plaintiff has been able to make payments for years. Plaintiff was behind. Plaintiff contacted Defendants regarding their situation, but Defendants refused to take any late payment.

F. Plaintiffs have notified Defendant **PENNYMAC LOAN SERVICES,LLC** of their situation and have made reasonable efforts to reach an agreement with Defendant for the purpose of salvaging the account and property/homestead; however, Defendant refused to negotiate or to accept Plaintiff's reasonable proposal to cure. From information and belief, Defendants have not followed the Texas Property Code in the foreclosure of homestead by sending proper and timely notice of default, notice of impending acceleration, notice of acceleration, notice of impending foreclosure, and notice of foreclosure.

G. Plaintiffs have, from the inception of the promissory note, tendered the scheduled monthly payments as agreed. Although Plaintiff has performed under the note, a payment or payments were made late during the life of the note. Regardless of the late tender, the

holder of the note including, **PENNYMAC LOAN SERVICES,LLC,** has established a course of dealing with Plaintiff of accepting said Plaintiffs' late payments.

H. Plaintiffs wish to remain in their home and have requested Defendant to allow Plaintiff pay any outstanding arrearage.

I. Plaintiff never received a demand letter from Defendant putting Plaintiff on notice of demand for late payments or intent to accelerate if not cured.

J. Defendant failed to provide Plaintiff the right to cure period. Demand for payment and notice of acceleration must not be simultaneous. ***Williamson v. Dunlap***, 693 S.W. 2d 373 (Tex. 1985). Here, Plaintiffs were not allowed their legal right to cure; therefore, invalidating any notice of acceleration provided herein.

K. Plaintiffs have tendered late payments on various occasions and those payments were accepted and deposited by Defendant **PENNYMAC LOAN SERVICES,LLC.**

**PENNYMAC LOAN SERVICES,LLC** has not made a due diligent effort to allow Plaintiff to bring the account

current despite the fact that Plaintiff has tried to make payment, but Defendant has refused to accept payment.

M. Furthermore, Plaintiff will have an irreparable injury and/or have no adequate remedy at law.

The irreparable injury is that plaintiff will lose his equity in his homestead, will lose his homestead, will be evicted from his homestead.

The legal remedy of redemption is not the adequate and prompt legal remedy which would preclude the equitable remedy of temporary restraining order and temporary injunction.

Redemption is an inadequate legal remedy because Plaintiff would have to marshal at one time all the funds to pay the entire balance on the loan secured by the deed of trust lien on the realty which is the subject of this litigation.  If the Court were to vacate acceleration, Plaintiffs would only be required to make monthly payments as initially agreed.

Similarly, a suit to set aside a foreclosure is an inadequate legal remedy because it involves protracted litigation.  Even if a timely lis pendens notice were

filed to preclude sale to a bona fide purchaser without notice, Plaintiff could still be evicted predicated upon the foreclosure.

Cause of Action: Breach of Contract

1. The parties to this cause of action are **ALEJANDRO AND MARIA GARCIA** as **PENNYMAC LOAN SERVICES,LLC AND ARNOLD MENDOZA, SUBSTITUTE TRUSTEE** as defendants.

2.     The note and the deed of trust, having been signed together on the same day, are read together.

> "More specifically, a deed of trust is construed along with the note it is intended to secure. ***Fin. Freedom Senior Funding Corp. v. Horrocks***, 294 S.W.3d 749, 753 (Tex. App.–Houston [14th Dist.] 2009, no pet.)."***Washington-Jarmon v. Onewest Bank***, FSB,513 S.W.3d 103,108-109hn3(Tex.App.–Houston[1st Dist.]2016)

A note and a deed of trust executed at the same time are construed as one contract. ***T.H.G.K. & T. Corp. v. Lipe***,399 S.W.2d 408(Tex.Civ.App.–Beaumont 1966,no writ)

> "The note, deed and deed of trust having been executed at the same time, will be construed as one contract. ***San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart***, 94 Tex. 441, 61 S.W. 386." ***T.H.G.K. & T. Corp. v. Lipe***,399 S.W.2d 408,409hn3(Tex.Civ.App.–Beaumont 1966,no writ)

3. The deed of trust, considered with Texas law on foreclosures, is a contract. ***T.H.G.K. & T. Corp. v.Lipe***, 399 S.W.2d 408,409hn3(Tex.Civ.App.–Beaumont 1966,no writ) **PENNYMAC LOAN SERVICES,LLC** breached the contract by:

    a.   not sending a timely and specific breach letter.

    b.   improperly accelerating the entire amount of the loan. The acceleration was improper **PENNYMAC LOAN SERVICES,LLC** did not give Plaintiff proper and timely notice of intent to accelerate.

    c.   **PENNYMAC LOAN SERVICES,LLC** did not comply with the provisions of the Texas Property Code with respect to notice of intent to accelerate with respect to acceleration and with respect to opportunity to cure.

    d.   Non-compliance with a provision of the deed of trust constitutes a breach of contract resulting in damages.

        Evidence that purchaser breached specific provision of deed of trust was sufficient to support finding of breach of contract. ***UMLIC VP LLC v. T & M Sales and Environmental Systems, Inc.***,176 S.W.3d 595,615hn55(Tex.App.--Corpus Christi–Edinburg 2005,pet.denied)

**Cause of Action and Damages**

"The elements of a breach of contract action are:
(1) the existence of a valid contract;

(2) performance or tendered performance by the plaintiff;
(3) breach by the defendant; and
(4) damages sustained by the plaintiff as a result of the breach. Southwell v. Univ. of Incarnate Word, 974 S.W.2d 351, 354-55 (Tex.App.-San Antonio 1998, pet. denied). The [Plaintiffs] contend that [Defendant] failed to provide notices as required by the deed of trust." ***Sauceda v. GMAC Mortg. Corp.,*** 268 S.W.3d 135,140hn4(Tex.App.--Corpus Christi-Edinburg 2008,no pet.)

Improper or inadequate notice as required by the deed of trust constitutes a breach of the contractual element of the deed of trust.

"[N]either letter contains 'a date, not less than 30 days from the date notice is given to Borrower[,] by which the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.' Thus, [creditor's] own evidence constitutes some evidence that it did not perform the notice obligations that it promised in the deed of trust."" ***Sauceda v. GMAC Mortg. Corp.,*** 268 S.W.3d 135,140hn5(Tex.App.--Corpus Christi-Edinburg 2008,no pet.)

## Interlining:

(1) the existence of a valid contract;

The deed of trust was a contract.

(2) performance or **tendered** performance by the

plaintiff;

Plaintiffs tendered late payment; Defendant refused to accept late payment.

(3) breach by the defendant;

Notice by defendant of default was untimely and insufficient.

Notice by defendant of impending acceleration was untimely and insufficient.

Notice by defendant of acceleration was untimely and insufficient.

Notice by defendant of impending foreclosure was untimely and insufficient.

and (4) damages sustained by the plaintiff as a result of the breach.

Plaintiffs suffered damage to credit.

Impending or actual foreclosure damages one's credit.

"Loss of credit is recoverable as actual damages in a suit where damage to credit was the necessary and usual result of the defendant's actions. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 688 (Tex.1981). The amount of damages must only be established with the degree of certainty to which it is susceptible. Southwestern Bell

Tel. Co. v. Sims, 615 S.W.2d 858, 864
(Tex.Civ.App.-Houston [1st Dist.] 1981, no
writ)." ***EMC Mortg. Corp. v. Jones***,252 S.W.3d
857,872hn36(Tex.App.-Dallas 2008,no pet.)

## VIII.
## THE BREACH LETTER

Texas deeds of trust contain a clause that requires
the lender to send notice, which is often called a breach
or demand letter, informing Plaintiff that their loan is
in default before it can accelerate the loan and proceed
with foreclosure.

The letter must specify:

N.      the default,

O.      the action required to cure the default,

P.      a date of usually not less than 30 days from
date the notice is given to the borrower by which the
default must be cured, and

Q.      that failure to cure the default on or before
the date specified in the notice may result in
acceleration of the debt and sale of the property.

## IX.
## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Texas law requires that the lender/servicer must send

the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to DEBTOR'S last known address and must include the amount due and the date it must be paid. Defendants did not comply with said requirement pursuant to the Texas Property Code.

Furthermore, Plaintiffs will have an irreparable injury and/or have no adequate remedy at law. Irreparable injury is explained above.

Plaintiffs purposefully do not state any federal cause of action and does not rely in this proceeding on any federal statute or the United States Constitution or upon any federal regulation or guideline. The only rights they intend to litigate are those concerning rights afforded them under the Texas Constitution of 1876, as amended, Texas statutes, Texas regulations, and the common law of Texas as it is known and understood in Texas. Plaintiffs affirmatively aver that they have not alleged any cause of action relying on the US Constitution, nor upon any federal statute or regulation.

Plaintiff only sues the Trustee, or the trustee's successors in that capacity under the deed of trust, as a nominal party, inasmuch as no foreclosure has yet taken place.

## WAIVER OF WAIVER

**PENNYMAC LOAN SERVICES,LLC** has waived its rights under any "acceptance of late payments does not constitute waiver of its right to accelerate or to foreclose" clause by repeatedly accepting late payments in the past in succession without doing any of the following: giving notice of intent to accelerate, accelerating, giving notice of intent to foreclose, foreclosing, proceeding to foreclose. Forbearance to use those rights under the circumstance of repeated acceptance of late payments constitutes waiver of those rights.

> "Appeal was taken from a judgment of the 153rd District Court, Tarrant County, Sidney C. Farrar, Jr., J., granting temporary injunction prohibiting mortgagee from foreclosing on real property. The Court of Appeals, Ashworth, J., held that: (1) where there was no notice of intent to accelerate mortgage due to late payment, mortgagees could not accelerate even if further notice of acceleration was waived under deed of trust; (2) where mortgagees had accepted late payments in past, they waived requirement of

punctional payments, and thus could not
accelerate on mortgage due to subsequent late
payment; and (3) mortgagees were not entitled to
accelerate where notice of trustee's sale was
accompanied by letter advising mortgagor that she
was obligated to pay penalty as well as principal
and interest, as note in deed of trust did not
disclose any provision for penalty as demanded in
letter." **Bodiford v. Parker**,651 S.W.2d
338,339hn1(Tex.App.--Fort Worth 1983,no pet.)

"[S]ince there was no proper notice of intent to
accelerate, any attempted acceleration was
ineffective." **Ogden v. Gibraltar Sav. Ass'n,** 640
S.W.2d 232, 234 (Tex.1982) Cited at: **Bodiford v.
Parker,**651 S.W.2d 338,339hn1(Tex.App.--Fort Worth
1983,no pet.)

When Lawyer filed the Notice of Appearance, client
had verified his petition.  Lawyer was entitled to rely
on a client's statements as to factual claims which are
objectively reasonable. ***Thomas,*** 836 F.2d at 875-76.  The
state court has found his affidavit sufficient to issue
a temporary restraining order,  which recited that the
request "has merit and should be granted."  This was a
basis to establish that:

1.  Creditor accepted late payments

2.  Creditor failed to provide a right to cure period,
that it failed to give them time to cure before
accelerating the debt.

   Both could support Client's claim for injunctive

relief.    The  Petition  sought  injunctive  relief
against  foreclosure  and  alternatively,  damages  for
wrongful  foreclosure  if  foreclosure  occurred.    The
nonoccurrence  of  foreclosure  did  not  moot  injunctive
relief  because  the  Creditor  could  renotice  the  sale
without  connecting  those  two  issues.

Property  Code  §51.002(d)  requires  a  notice  of
default  and  opportunity  to  cure  before  the  mortgagee
can  serve  the  notice  of  sale.    Noncompliance  with
§51.002  would  support  a  temporary  injunction  to  restrain
thesale.    *See* ***Branham v. Short,*** 526  S.W.2d  639.  642-43
(Tex.  Civ.  App.-Fort  Worth  1975,  no  writ).  Even  though
the  TRO  cancelled  the  first  foreclosure  sale.  Creditor
might  notice  foreclosure  again  without  sending  new
notices  of  default  and  acceleration.    Therefore,  when
Lawyer  appears,  there  is  an  objective  basis  that  the
injunctive  relief  claim  had  a  factual  and  legal  basis,
and  remained  necessary  should  the  Creditor  serve  new
notice  of  foreclosure  sale.

Additionally,  the  verified  petition  provided  a
basis  that  timely  payment  had  been  waived  so  that
Client  was  not  in  default.    There  is  another  type  of
waiver  frequently  present  in  cases  of  this  type.  That
is  the  implied  waiver  of  the  requirement  of  punctual
payments  by  acceptance  of  payments  made  past  the  due

date.    *McGowan v. Pasol,* 605 S.W.2d 728 (Tex. Civ.
App.-Corpus Christi 19880, no writ); *Zwick v. Lodewijk
Corp.,* 847 S.W0.2d 316,318-19(Tex. App.- Texarkana
199, no writ).

Creditor relied on a non-waiver clause in the Deed
of Trust. However, non-waiver clauses can be waived. *See
Bott v. J. F. Shea Co.,* 388 F.3d 530, 534 (5th Cir.
2004); *W & T Offshore. Inc. v. Apache Corp.,* No. 11-2931,
2014 WL 198492, 2014 U.S. Dist. LEXIS 5764, *41-46
(S.D.Tex. Jan. 16, 2014), *aff'd,* 644 Fed. Appx. 349 (5th
Cir. 2016); *EWB-I, LLC v. PlazAmericas Mall Tex.,* LLC.
527 S.W.3d 447, 467-69 (Tex. App.-Houston [1st Dist.]
2017, pet. denied); *Zwick* 847 S.W..2d at 316.

A non-waiver clause does not conclusively negate the
possibility of waiver and the non-waiver clause can be
waived. *Shields LP v. Bradberry,* 526 S.W.3d 471, 474,
482-83 (Tex. 2017): WEB-I. LLC, 527 S.W.3d at 467-68. To
raise waiver, the conduct must be inconsistent with the
non-waiver clause. *Shields,* 526 S.W.3d at 484. The
clause may be enforced where the conduct is the exact
conduct the clause permits to be done without effecting
a waiver. *Id.* (lease specifically provided that
accepting late payments "shall not be a waiver" and
required waivers be written). However, a clause barring

waiver in general terms might be wholly ineffective. *Id.*

For that reason, applying the non-waiver clause may be fact specific. *See e.g., EWB-I,* 527 S.W.3d at 468-69 (clause barred waiver only through inaction, not waiver by affirmative conduct). A non-waiver provision does not disclaim abandonment, e.g., a claim the creditor has abandoned a prior declaration of default or acceleration. *Sexton* v. D*eutsche Bank Nat'l Trust Co.,* No. 17-10208, 2018 U.S. App. LEXIS 10375, *8 (5th Cir., Apr. 24, 2018).

Here, the Waiver Clause in the Deed of Trust provides that any extension given by Creditor to Plaintiffs' successors in interest does not affect their personal liability, nor does a demand on them preclude Creditor from modifying the loan for a successor in interest. Therefore, the last sentence in the Waiver Clause in the Deed of Trust arguably precludes waiver of a remedy only against a successor in interest to Plaintiffs. In any case, the Waiver Clause in the Deed of Trust provides only that the failure to exercise a remedy does not waive exercising it later. This does not address accepting late payments. It bars only waiver by inaction, not by affirmative conduct. *Compare EWB-I,* 527 S.W.3d at 468-

69.    Therefore, there was a legal basis to argue acceptance of late payments waived timely payment, and either (a) Creditor waived the non-waiver clause, or (b) the clause did not specifically apply to late payments.

## X.
## TEMPORARY RESTRAINING ORDER

Therefore, Plaintiff requests that the court after Defendants are served with citation issue a temporary restraining order and temporarily restrain and enjoin Defendants from doing any of the following acts:

1.  Entering Plaintiff's premises located at 1409 29th St., Mission, Texas 78572.

2.  Forcibly removing Plaintiff Alejandro and Maria Garcia  and/or their family and/or their personal property from the premises located at 1310 Kokopelli dr., Edinburg, Texas 78541.

3.  Taking any action and/or affirmative steps to remove Plaintiff and/or the family from the premises located at  1310 Kokopelli dr., Edinburg, Texas 78541.

4.  Enforcing any judgment and/or writ of possession with respect of the premises located at 1310 Kokopelli dr., Edinburg, Texas 78541.

5. And/or any other acts that will tend to interfere

with Plaintiff's occupation and/or enjoyment of the premises located at 1310 Kokopelli dr., Edinburg, Texas 78541 to include the foreclosure of said property as scheduled.

## XI.
### RELIEF REQUESTED

A. Plaintiff requests, after trial on the merits, that a judgment be entered to prevent the foreclosure of said property, and/or setting aside any foreclosure sale which has occurred or may occur.

B. Plaintiff also requests that Defendant be found liable for actual damages.

C. Such damages are in excess of the minimum jurisdictional limits of this court, for which Plaintiffs hereby sue.

D. Plaintiff also requests an award of reasonable attorney's fees. Such award should contain additional awards contingent on appeal.

E. Plaintiff also requests pre-judgment and post-judgment interest at the maximum rate as provided by law.

F. Plaintiff also requests all cost of court.

G. Additionally, after notice and hearing, and after

the issuance of a temporary restraining order without notice and temporary injunction, such temporary restraining order and temporary injunction maintain the status quo and that would prevent Defendant acting alone or in concert with its agents, employees, assigns and/or representatives, from foreclosing, selling or attempting to sell the property in question directly or through a trustee and/or an agent acting on Defendant's behalf. Each piece of real property in unique and sale of the property would harm Plaintiff.

Plaintiff possesses no adequate remedy at law, as noted above.

H. All conditions precedent have been satisfied.

I. Plaintiff requests that a bond requirement be waived.

J. Plaintiff purposely have not sought relief based on the US Constitution nor on any federal statute or regulation. Plaintiffs aver that they do not seek any federal remedy.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs in the above-styled and numbered cause, respectfully pray that a temporary restraining order be granted without notice and Defendant be cited to appear and answer herein, that

after a hearing, that a temporary injunction be entered, that this court enter a judgment prohibiting Defendant and its agents from attempting to foreclose and from taking any steps to foreclose or to hold a foreclosure sale and, in the event that a foreclosure sale has occurred, then, setting aside any foreclosure sale and awarding damages or reasonable attorney's fees or pre-judgment and post-judgment interest at the maximum rate as provided by law, and for all other and further relief, either at law or in equity, to which Plaintiff shows himself justly entitled to receive.

    Plaintiffs request general, legal, and equitable relief.

                              Respectfully submitted
                              July 18, 2018


              By:

                              Larry Warner, Attorney at Law
                              3109 Banyan Drive
                              Harlingen, Texas 78550
                              Office: 956-230-0361
                              Facsimile: 1-866-408-1968
                              Email: office@larrywarner.com
                              State Bar of TX 20871500;

USDC, SDTX 1230(1981),
Board Certified, Texas Board
Legal Specialization(1983),
Member Committee on Pattern,
Jury Charges, State Bar of
Texas(2014-2017) **LEAD ATTORNEY
FOR ALEJANDRO AND MARIA GARCIA**

Respectfully submitted
July 18, 2018

By:    */s/ Juan Angel Guerra*

Juan Angel Guerra
Attorney at Law
Law Office of Juan Angel Guerra
1021 Fair Park Blvd.
Harlingen, Texas 78550
Phone:  956-428-1600
Facsímile:  956-428-1601
Email:juanangelguerra1983gmail.com
State Bar No.08581320
**CO-COUNSEL FOR
ALEJANDRO AND MARIA GARCIA**